UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DANIEL ACOSTA, | No. 2:16-cv-1553 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| M.E. SPEARMAN, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

Petitioner's claims concern Placer County convictions entered in 2003. As a result of those convictions, petitioner was ordered to serve 9-12 months in county jail. Petitioner is currently serving a term of 26 years and 4 months imprisonment imposed in 2007, also for a Placer County conviction. See 2:16-cv-1582 KJN, ECF No. 1 at 5. While not entirely clear, it

1

appears petitioner claims that the allegedly unlawful convictions entered in 2003 were used to enhance his current sentence.

Any claims directly challenging petitioner's 2003 convictions are barred by Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001) where the Supreme Court made clear if a sentence has been served, the underlying conviction can no longer be challenged in a federal habeas action.  Under certain circumstances, a petitioner may challenge aspects of prior convictions used to enhance a current sentence, but the challenge must be made as a direct challenge to the sentence being served, not the prior conviction.  Id. at 404-06.[1]

Because it is clear petitioner is not entitled to habeas relief in this action, the court will recommend that petitioner's application for writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner

/////

/////

---

[1] Petitioner challenges his current convictions and sentence in 2:16-cv-1583 KJN P.

1  is advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: July 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
acos1553.dis

3